# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Meridian; County of Lauderdale; Judge Frank Coleman, in his official capacity; Judge Veldore Young, in her official capacity; State of Mississippi; Mississippi Department of Human Services; and Mississippi Division of Youth Services<br><br>　　　　　Defendants. | Civil Action No.<br>4:12-CV-168-HTW-LRA |

## UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS COLEMAN AND YOUNG'S REBUTTAL TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS

The United States moves this Court, pursuant to Federal Rule of Civil Procedure 12(f), to strike Defendants Coleman and Young's Rebuttal to United States' Opposition to Defendant Coleman and Young's Motion to Dismiss Based on *Younger* Abstention ("Rebuttal"), Doc. 15. Defendants' Rebuttal is untimely under Federal Rules of Civil Procedure 6(a) and (b) and Southern District of Mississippi Local Uniform Civil Rule 7(b)(4). Additionally, the United States moves to strike the new legal argument for dismissal based on the *Rooker-Feldman* doctrine that Defendants Coleman and Young improperly raise for the first time in their Rebuttal. In the alternative, the United States requests permission to file a sur-reply to Defendants' Rebuttal to address their new legal argument.

PROCEDURAL BACKGROUND

The United States filed its complaint in this case on October 24, 2012. The City, County, and Youth Court Judges Coleman and Young filed answers on November 20, 2012, and, pursuant to an extension of time requested and granted by this Court, the State filed an answer on November 30, 2012. On December 7, 2012, more than two weeks after filing their answer, Judges Coleman and Young ("Youth Court Judges" or "Defendants") filed a motion to dismiss based on *Younger* abstention principles. That same day, the Youth Court Judges also filed a motion to stay the proceedings "pending the Court's ruling on their immunity motion." Doc. No. 12 at 2. This motion to stay was improper because, as described in the United States' Opposition to Defendants' Motion to Dismiss ("Opposition"), the Youth Court Judges did not file a motion regarding immunity defenses. Nevertheless, the Court granted a stay on December 11, 2012. The United States timely filed its Opposition on December 20, 2012. The Youth Court Judges filed their rebuttal on January 14, 2013, eighteen days after deadline set by the Southern District of Mississippi Local Uniform Civil Rules. *See* S.D. Miss. L. Civ. R. 7(b)(4). At no time did Defendants request an extension of time for their rebuttal from the Court, nor did they notify the United States that their response would be untimely.

ARGUMENT

Although this case has been filed for less than four months, the Youth Court Judges have already established a pattern of dilatory conduct that violates the Federal Rules of Civil Procedure and the Local Uniform Civil Rules. As set forth in the United States' Opposition, Defendants' improperly filed a motion to dismiss after filing an answer in this case and filed an improper motion for a stay of the proceedings based on a defense ("immunity") that they did not assert in their motion to dismiss.

Defendants' failure to follow the Federal Rules of Civil Procedure prejudices the United States because it delays advancement of the case, and, consequently, vindication of the constitutional rights of children in the Lauderdale County juvenile justice system. In addition to slowing down the case,

Defendants' failure to timely file their Motion to Dismiss and Rebuttal prejudices the United States by providing Defendants disproportionate amounts of time to make their arguments. Further, Defendants' inclusion of a new legal argument for dismissal in their Rebuttal prejudices the United States by depriving the United States an opportunity to respond and explain why the legal doctrine raised is completely inapplicable to the case at hand.

I.  The Court Should Strike Defendants' Rebuttal As Untimely

Both the federal and local rules of civil procedure clearly establish the timeframe for responding to motions. The Southern District of Mississippi Local Uniform Civil Rule 7(b)(4) provides:

> Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief. A party must make any request for an extension of time in writing to the judge who will decide the motion. Failure to timely submit the required motion documents may result in the denial of the motion.

S.D. Miss. L. Civ. R. 7(b)(4). Federal Rule of Civil Procedure 6(b)(1) establishes that parties must file any requests for extensions of time "before the original time or its extension expires," or, if making a motion after time expires, the moving party bears the burden of establishing that the party "failed to act because of excusable neglect." Federal Rule of Civil Procedure 6(a)(1) provides explicit instructions for how time should be computed when the period of time to respond is stated in days: "(A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, any rebuttal by the Youth Court Judges, or, alternatively, request for extension of time, was due on December 27, 2012. Defendants did not file their rebuttal brief until January 14, 2013, eighteen days later.

The Youth Court Judges did not request an extension of time from this Court, nor did they acknowledge that their Rebuttal was untimely, nor did they offer any reason at all—much less establish

3

"excusable neglect"—for their failure to file or request an extension in a timely manner. Where a party does not request an extension of time before expiration of a deadline, Rule 6(b)(1)(B) applies, and the party must make a showing of *both* good cause and excusable neglect. *Casey v. Quality Restaurants & Concepts*, 2012 WL 3261367, *2 (N.D. Miss. Aug. 8, 2012). "[P]art of the good cause showing . . . includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Id.* "While excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant," a pattern of defaults that demonstrates "inadvertence, ignorance of the rules, or mistakes construing the rules" is not excused as good cause or excusable neglect. *Id.* (internal quotations omitted) (citing *Pioneer Investment Srvcs., Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 392 (1993)). Because the Youth Court Judges failed to file either a timely rebuttal or request for an extension of time, and because Defendants' ongoing disregard for the federal and local rules will unfairly delay a remedy for the harm caused by Defendants' continuing violations of children's constitutional rights, this Court should strike their untimely Rebuttal.

    II.    The Court Should Strike the New Argument Based on the *Rooker-Feldman* Doctrine that Defendants Improperly Raised in their Rebuttal

If the Court does not strike Defendants' entire Rebuttal, it should strike the portion of Defendants' rebuttal argument that improperly raises a new legal argument. *See McDaniel v. Miss. Baptist Med. Ctr.,* 869 F.Supp. 445, 453 (S.D. Miss. 1994) (holding that "[i]n the interest of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response."). At the end of their Rebuttal, Defendants raise the *Rooker-Feldman* doctrine for the first time, arguing that a federal court must not exercise appellate jurisdiction over final state-court judgments. Rebuttal at 11. This is not the same argument as a motion to dismiss based on *Younger* abstention, which is the basis for Defendants' underlying motion to dismiss. In the alternative, the United States requests permission to file a sur-

reply to Defendants' Rebuttal to explain why the United States' lawsuit seeking injunctive relief to prohibit Defendants from continuing to systematically violate children's procedural and substantive due process rights does not call upon the Court to exercise appellate review over every order issued by the Youth Court Judges, and, consequently, the *Rooker-Feldman* doctrine does not apply.

## CONCLUSION

For the foregoing reasons, as well as those stated in the United States' Opposition, this Court should strike Defendants' untimely Rebuttal, deny Defendants' Motion to Dismiss, and lift the stay of proceedings in this case.

Dated this 31st day of January, 2013.

Respectfully submitted,

| | |
|---|---|
| GREGORY K. DAVIS<br>United States Attorney<br>Southern District of Mississippi | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| ALFRED B. JERNIGAN, JR. (Bar No. 3088)<br>Assistant United States Attorney<br>Chief, Civil Division<br>Southern District of Mississippi<br>501 E. Court Street, Suite 4.430<br>Jackson, MS 39201<br>Phone: (601) 973-2820<br>Cell: (601) 672-5504<br>Facsimile: (601) 965-4032<br>E-mail: al.jernigan@usdoj.gov | ROY L. AUSTIN, JR.<br>Deputy Assistant Attorney General<br>Civil Rights Division<br><br>JONATHAN M. SMITH<br>Chief<br>SHELLEY R. JACKSON (MA Bar No. 548997)<br>Deputy Chief<br>Special Litigation Section<br><br>    */s/ Lori Rifkin*<br>LORI RIFKIN (CA Bar No. 244081)<br>MICHELLE JONES (DC Bar No. 989343)<br>Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Patrick Henry Building, 5th Floor<br>Washington, DC 20530<br>Phone: (202)514-8434<br>Facsimile: (202) 514-0212<br>E-mail: lori.rifkin@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013, I electronically filed a copy of the foregoing UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS COLEMAN AND YOUNG'S REBUTTAL TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert T. Bailey
Hammack, Barry, Thaggard & May, LLP
P.O. Box 2009
Meridian, MS 39302-2009
baileyr@hbtmlaw.com

Henry W. Palmer
Lawyers, PLLC
P.O. Box 1205
Meridian, MS 39303
henry@lawyerspllc.com

Ronnie L. Walton
Glover, Young, Walton & Simmons, PLLC
P.O. Drawer 5514
Meridian, MS 39302-5514
ronnie@gloveryoung.com

Harold E. Pizzetta, III
Douglas T. Miracle
Office of the Attorney General
Civil Litigation Division
P.O. Box 220
Jackson, MS 39205-0220
hpizz@ago.state.ms.us
dmira@ago.state.ms.us

            */s/ Lori Rifkin*
            LORI RIFKIN (CA Bar No. 244081)